## Hiestand, Appellant, *v.* Meyer et al.

*Wills—Devisees—Classification—" Share and share alike."*

The words " equally to be divided " and " share and share alike " in a will usually mean a division *per capita* and not *per stirpes;* but where the devise is not to the several children of brothers and sisters, but to the children of several brothers and sisters, and the classes are distinguished by the word " and " between each, it amounts to a classification, and the children of each class take their parent's share, notwithstanding the use of the words " share and share alike."

*Wills—Main and subsidiary conflicting provisions.*

Where the main provision of a will covers the whole subject and is defined in terms that exclude all doubt, and the subsidiary provision may by conjecture be made general or partial and may be capable by construction either of subverting entirely or of modifying only the original gift, such subsidiary provision must ordinarily be confined to its partial and restricted operation.

A will contained a devise of one tract of land to a son and upon his death to his son's children and another tract to his daughter and upon her death to her daughter's children, and then directed that after the death of the son and daughter, all the land should be equally divided between the children of the son and the children of the daughter, share and share alike, and all the interest testator had in the tract devised to the daughter (an undivided interest) should be divided among the children as aforesaid.

*Held,* that all the provisions of the will can be harmonized by construing the latter provision of the will to mean an equal division of the first tract to the son's children and of the second tract to the daughter's children.

Argued May 19, 1892. Appeal, No. 50, July T., 1892, by plaintiff, Mary E. Hiestand, from judgment of C. P. York Co., Aug. T., 1892, No. 12, on case-stated for defendants, Benj. Meyer et al. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment and case-stated, to determine plaintiff's interest, in land first devised to John Meyer under Jacob Meyer's will.

It appeared by the case-stated that plaintiff was the daughter of Rebecca Weidman and the defendants the children of John Meyer, John and Rebecca now being deceased. When the will was written and at testator's death his son John had five children and his daughter Rebecca two. The tract devised to John contained about 137 acres, the other tract 23 to 25 acres. The material provisions of the will are as follows :

"I give and bequeath to my son John the land and premises which he now occupies during his life and after the death of my son John the same land and premises shall be divided among the children of my son John as soon as the youngest child arrive the age of twenty-one years share and share alike, I also give and bequeath unto my daughter Rebecca intermarried with Michael Weidman, & to their heirs the undivided fourth part of the land which was bequeathed to me by my deceased brother John Meyer during the natural life of my daughter Rebecca and also the natural life of my son-in-law Michael Weidman, and after the death my daughter Rebecca I then give and bequeath to my grandson Jacob Weidman five hundred dollars over and above his full share of all the other heirs of my daughter Rebecca and my son John, the same to be paid to him the said Jacob Weidman my grandson as soon as he shall arrive the age of twenty-one years, out of my estate, after the death of my son John and after the death of my daughter Rebecca, then I order and direct that all my land or real estate situate in Springgarden township shall be equally divided between the children of my son John and the children of daughter Rebecca intermarried aforesaid, share and share alike, after first paying my grandson Jacob Weidman the five hundred dollars aforesaid, and also all the interest in the land which I have now in possession of Michael Weidman shall be divided among the children as aforesaid share and share alike, also after the death of my son John and my daughter Rebecca aforesaid . . . . the undivided fourth part of the land bequeathed to me by my brother John Meyer and now in possession of Michael Weidman about twenty three acres after the death of my two children aforesaid, said 23 acres of land shall be appraised by a jury of six persons—said jurors shall be ap-

pointed by the court and after such appraisement shall have been made my grandson Jacob Weidman shall have the choice of taking said land at the appraisement if he thinks proper, he paying the other heirs their respective share out of the same."

The opinion of the court below was as follows by LATIMER, P. J:

" The plaintiff's right to recover is dependent solely on the construction of the will of her maternal grandfather, Jacob Meyer. Whatever part of the tract of land, described in the case-stated as the Meyer tract, was devised to her in said will (if any) she can recover in this action.

" The will is obscure, some of its provisions are seemingly inconsistent with, and repugnant to other provisions. Primarily this suit depends on the gift of the Meyer farm, but the construction must, of course, be made on the whole will, and the gift of the testator's other tract, called in the case-stated the Weidman farm, must be. considered in endeavoring to arrive at the testator's entire scheme of distribution of his whole estate.

" The first gift of the Meyer farm is a devise to John for life, remainder to his children in fee (Act of April 8, 1833, § 9; 2 Purd. 1711, § 10) which vested in those living at testator's death, notwithstanding the postponement of the period of division, and would open to let in after-born children : Wolford v. Morgenthal, 91 Pa. 30; Gernet v. Lynn, 31 Pa. 94; Haskins v. Tate, 25 Pa. 249; Coursy v. Davis, 46 Pa. 25.

" The gift of the Weidman farm immediately following that of the Meyer farm, is not expressed in terms so clear and unequivocal; but the words 'their heirs' seem to import an estate of inheritance in the children of Rebecca and Michael. The estate intended to be given seems to be a life estate in Rebecca and her husband during their joint lives and the life of the survivor, remainder in fee to their joint heirs, who would necessarily be their children.

" Thus the intent to give the Meyer's farm to John Meyer's children, exclusively of the Weidman children, is apparent, and is expressed in terms that do not admit of a doubt; and there seems to be an intent, not so clearly expressed, to give the Weidman farm to the Weidman children exclusively of the Meyer's children.

" The subsequent provisions, literally interpreted, are incon-
sistent with this intent and repugnant thereto. The words
' after the death of my son John, and after the death of my
daughter Rebecca, then I order and direct all my land in
Springgarden Township shall be equally divided between the
children of my son John and the children of my daughter Re-
becca share and share alike,' embrace both the Meyer and the
Weidman farms, and seem to contemplate a division of both
farms among all the grandchildren; and this idea is re-inforced
by the immediately following words, ' and also all the interest
in the land which I have now in possession of Michael Weid-
man shall be divided among the children as aforesaid.' Prob-
ably this division would be *per stirpes* rather than *per capita;*
Fissel's Ap., 27 Pa. 55; Minter's Ap., 40 Pa. 111.

" ' Equally to be divided' and ' share and share alike ' usually
mean a division *per capita* and not *per stirpes.* But when the
devise is not to the several children of brothers and sisters, but
to the children of several brothers and sisters, and the classes
are distinguished by the word ' and ' between each, it amounts
to a classification, and the children of each class take their par-
ent's share: Fissel's Ap., supra; notwithstanding the use of
the words 'share and share alike :' Winter's Ap., supra.

" Thus the inconsistency between the former provisions of
the will and the latter is this: That in the former the Meyer
farm is plainly and unequivocally given to the Meyer children
after their father's death; excluding the Weidman children
(of which the plaintiff is one) from any share thereof; and
the Weidman farm seems to be given to the Weidman children
(subject to the payment to Jacob of $500) excluding the
Meyer children; while the latter provisions, literally inter-
preted, give the Weidman children a share in the Meyer farm
and the Meyer children a share in the Weidman farm. If
this interpretation prevails, the former provisions of the will
are defeated, and have no disposive force or effect. It is upon
the determination of this question that the right of plaintiff to
recover depends.

" While there is no doubt that of two contradictory clauses
in a will the first must give way, and the last take effect, yet
the two clauses must refer to the same subject-matter, and the
last must be clearly inconsistent with the first. If the main

provision plainly covers the whole subject and is defined in terms that exclude all doubt, and the subsidiary provision may by conjecture be made either general or partial, and may be capable by construction either of subverting entirely or of modifying only the original gift, such subsidiary provision must in the ordinary case be confined to its partial and restricted operation. The clearly expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced intention: Sheetz's Ap., 82 Pa. 213. Illustrations of the application of this principle are numerous: Ferry's Ap., 102 Pa. 207; Jones v. Strong, 142 Pa. 496; Newbold v. Boone, 52 Pa. 167; Seibert v. Wise, 70 Pa. 147; Finney's Ap., 113 Pa. 11; Shreiner's Ap., 53 Pa. 106; Horwitz v. Norris, 60 Pa. 261; Snively, Ex., v. Stover, 78 Pa. 484; Mutter's Est., 38 Pa. 314. But the principle is most clearly stated in Sheetz's Ap., supra.

"Applying this principle to the will of Jacob Meyer, its construction is comparatively easy. All its provisions can be harmonized and its due effect given to each, by construing the later direction that all testator's lands in Springgarden township should be equally divided between the children of John and the children of Rebecca, in the light of the earlier plainly and unequivocally expressed gift of the Meyer farm exclusively to the Meyer children, and the apparent intent to give the Weidman farm exclusively to the Weidman children; and holding that the 'equal division' 'share and share alike' was intended to be an equal division of the Meyer farm among the Meyer children exclusively, and of the Weidman farm among the Weidman heirs exclusively. There is nothing in this construction inconsistent with any of the subsequent provisions of the will, and it effectuates a plainly declared intent of the testator. If it be correct the plaintiff is not entitled to any part of the Meyer farm and there must be judgment on the case-stated for the defendants, with costs of suit."

Judgment accordingly and plaintiff appealed.

*Errors assigned* were (1) entry of judgment for defendant, and (2) failure to enter judgment for plaintiff.

*Robert F. Gibson,* for appellant; *V. K. Keesey, Horace Keesey* with him, for appellee.

PER CURIAM, July 13, 1892.

The judgment is affirmed upon the opinion of the learned judge of the court below.