## Priester's Estate.

*Will—Construction—Unlearned scrivener.*

A will written by an unlearned person should receive the interpretation which unlearned persons would be presumed to have intended, unless some rule of law requires a different construction.

*Will—" Equally to be divided"—Per stirpes—Per capita.*

The words " equally to be divided " when used in a will means a division per capita and not per stirpes, whether the devisees be children and grandchildren, brothers or sisters and nephews and nieces, or strangers in blood to the testator.

Testatrix by her will directed as follows : " i give and bequeath To Ditty Hartman Lotta Hartman Charlie Hartman Heirs of caroline Priester intermarried to Charlie Hartman and Lewis Priester and Charlie Priester and Mary Priester Jacob Priester and Katy Priester Hannah Priester Elizabeth Priester Henry Priester i bequeath all Personal Property and Moneys and Real estate to be equally divided share and share like except My grand-child William Priester $300 i give to him." *Held,* that the children of Caroline took per capita and not per stirpes.

Argued May 4, 1903.    Appeal, No. 117, April T., 1903, by Mercantile Trust Company, guardian of Ditty Hartman, from decree of O. C. Clarion Co., May T., 1901, No. 14, overruling exceptions to auditor's report in estate of Elizabeth Priester, deceased.    Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Exceptions to report of David Lawson, Esq., auditor.

From the record it appeared that the testatrix left to survive her eight children and three grandchildren who were the children of a deceased daughter, Caroline Hartman.    The material portion of the will of testatrix is quoted in the opinion of the Superior Court.

The auditor construed the will as meaning that the grandchildren, who were children of Caroline Hartman, should take

386, (1903).] Statement of Facts—Opinion of the Court.

per stirpes and not per capita. Exceptions to the auditor's report were dismissed in an opinion by WILSON, P. J.

*Error assigned* was the decree of the court.

*F. J. Maffett* and *William M. Watson*, with them *B. J. Reid*, for appellant.—Elizabeth Priester was not learned in the law nor was the scrivener employed by her to draw the will. Nevertheless, the language of the will, under the authorities, to say nothing of its natural interpretation, imports an equal division among all the beneficiaries named therein—a distribution per capita: Gest v. Way, 2 Wharton, 445; Butler v. Stratton, 3 Bro. C. C. 367; Blackler v. Webb, 2 P. Wms. 383; Davenport v. Hanbury, 3 Ves. Jr. 257; Woelpper's App., 126 Pa. 562; McNeilledge v. Galbraith, 8 S. & R. 43; Bender's App., 3 Grant, 210; Dible's Est., 81* Pa. 279; Harris's Est., 74 Pa. 452; Hicks's Est., 134 Pa. 507; Warrington v. Warrington, 2 Hare, 54; Ashton's Est., 134 Pa. 390.

To effectuate the clear intention of testators, we habitually construe the words heir, issue, children, interchangeably: Braden v. Cannon, 1 Grant, 60; Hoff's App., 28 Pa. 51.

*W. A. Hindman*, with him *H. M. Rimer*, for appellee.—The intestate laws must control questions of distribution arising upon the settlement of estates of testators as well as intestates, unless the testator has clearly provided a different mode in his will: Hoch's Estate, 154 Pa. 417; Ashburner's Est., 159 Pa. 545.

The word heirs, ex vi termini, implies representation: Ashburner's Estate, 159 Pa. 546.

The English decisions as to the distribution, cited in appellant's argument, are not followed in Pennsylvania: Scott's Est., 163 Pa. 165.

OPINION BY HENDERSON, J., October 5, 1903:

The material part of the will in question is in the words following.

"i give and bequeath To Ditty Hartman Lotta Hartman Charlie Hartman Heirs of caroline Priester intermarried to charlie hartman and Lewis Priester and charlie Priester and Mary Priester Jacob Priester and Katy Priester Hannah Priester Elizabeth Priester Henry Priester i bequeath all Personal

Property and Moneys and Real estate to be equally divided share and share like except My grand child William Priester $300. i give to him.

her

" ELIZABETH x PRIESTER.    [Seal] "

mark

The question raised by the appeal is, does Ditty Hartman take per stirpes or per capita?

The devises and bequests made by the will are to particular persons designated by name, to be equally divided share and share alike. This is a gift to ascertained individuals, which, in appropriate terms, confers upon each an equal share in the estate, in the absence of language indicating a different intent on the part of the testator. It is apparent from the face of the will that the person who wrote it was unlearned, and the testator signed it by her mark. Its language should therefore receive the interpretation which unlearned persons would be presumed to have intended, unless some rule of law requires a different construction. There is an expressed declaration of intention that the persons named in the will take equal shares in the estate, with the exception of a nephew, to whom a legacy is given. The subject was clearly within the power of the testator, and the will should be executed in accordance with such intention if that be lawful. No more appropriate words could be used to indicate an intention to give to the individuals than were used in the will if the words " heirs of caroline Priester intermarried to charlie hartman " were omitted. After naming the objects of her bounty, the testator directs that they receive all her estate, to be equally divided share and share alike. This is not only the meaning usually attributed to the language used, but it is also the judicial construction which it has received. The words " equally to be divided," " to be equally divided share and share alike," and words of the same import in a will mean that distribution shall be made per capita: Bender's Appeal, 3 Grant, 210; McNeilledge v. Galbraith, 8 S. & R. 43; Dible's Estate, 81* Pa. 279; Gest v. Way, 2 Wharton, 445; Hiestand v. Meyer, 150 Pa. 501. In the case first cited, the court said, " The words ' equally to be divided ' when used in a will mean a division per capita and not per

stirpes, whether the devisees be children and grandchildren, brothers or sisters and nephews and nieces, or strangers in blood to the testator." Of course if there were words indicating a different intention they would control, but such intention ought to be manifest.

The court below was of the opinion that the introduction of the words " heirs of caroline Priester intermarried to charlie hartman," and the use of the conjunction " and " immediately thereafter was expressive of an intention to create a class to include the three first named devisees, and that they therefore take per stirpes, and not per capita. We do not so understand the language of the testator, and are of the opinion that this is not a case in which a technical rule of construction is necessary to give proper legal effect to the language of the will. The word "heirs " was evidently used in the sense of children, a very common use of that word among those not learned-in the law, and one which has been frequently recognized in judicial decisions. These grandchildren were young, were not members of the immediate family of the testator, and had not the same name. She adopted a common form of description to indicate who they were. The language was used for the purpose of identification, and not to indicate that she thereby intended to create a class. We ought not to attribute to the testator an intention, not necessarily arising from the language of the will, inconsistent with the clear expression of equality contained in other language therein, nor to apply a technical rule of construction where such rule is not necessary. The testator intended a distribution of her estate different from that established by the intestate law, as indicated by the fact that she made a will, and that she gave a legacy to a grandchild not entitled thereto under the intestate law. It is not unreasonable to infer in support of the interpretation now put upon the will that she desired to place the children of her daughter Caroline in a better position in reference to her estate than they would have been under the intestate laws, as well as her grandchild William Priester.

The use of the conjunction " and " immediately preceding the name of Lewis Priester does not support the conclusion of the orphans' court. It is apparent that neither the testator nor the writer of the will intended to give any special grammatical

or legal significance to the use of the conjunction. It is used four times in the same period in the same way, and an intention in its use in one place should not be attributed to the testator different from that intended in another. It is difficult to avoid the conclusion that if the effect of its use in the first instance is to create a class, then five classes are created by the will instead of two.

In Dible's Estate, supra, there was a bequest to three sons by name, to the "heirs" of a deceased son, to the "heirs" of a deceased daughter, with a devise in these words: "My will is that the balance be equally divided amongst my three last named sons, my two daughters, and grandchildren within mentioned share and share alike." The court there held that the residuary bequest was not to the persons in classes, but that they took equal shares per capita. It will be observed in the case referred to that the bequest was not to the grandchildren by name, but to "heirs" of the deceased son and the deceased daughter, but the court held that the use of the words "share and share alike" at the end of the bequest tended to show an intention to qualify each legacy by referring to the person preceding. To the same effect is Harris's Estate, 74 Pa. 452.

In Minter's Appeal, 40 Pa. 111, relied upon by the appellee, the bequest was that the estate be divided amongst "the children of my brother Adam Minter, deceased, and the children of my brother Martin Minter, deceased, and to my sister Barbara Savall." There the bequest was to a group, not by name, but by description of the person, a class which might be diminished. The same distinction exists in Hiestand v. Meyer, supra.

None of the authorities cited by the appellee are inconsistent with the conclusions herein stated.

The foregoing view of the case leaves no room for the application of the doctrine that where the testator's intention is in doubt the rule of the statute of distribution shall be applied. We think it sufficiently apparent from the will of the testator that she intended the children of her daughter Caroline should take equal shares per capita with the sons and daughters of the testator. The decree of the orphans' court is therefore reversed and the record remitted for further proceedings in accordance with this opinion.