## Miller's Estate (No. 2).

*Will—Distribution—Per stirpes—Per capita.*

Testator directed as follows: " To my brother Christian Miller's children, William Wilson's children, my sister Mrs. Staub, my sister-in-law Mrs. Andrew Miller's children to be equal beneficiaries in balance of my property or money after the conditions of this have been complied with." The court found from parol evidence that testator intended by the words "William Wilson's children " to designate the children of Seth Wilson who had children by his first wife, testator's sister, and also a child by a second wife. *Held,* that the fund should be divided into four parts, and distributed per stirpes and not per capita, and that it was immaterial that one of the children of Seth Wilson sharing in the distribution, was not of the blood of the testator.

Argued May 10, 1904.    Appeal, No. 120, April T., 1904, by Hannah M. Staub, from decree of O. C. Beaver Co., Dec. T., 1903, dismissing exceptions to auditors' report in estate of Godfrey Miller, deceased. Before RICE, P. J., BEAVER, OR-LADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Exceptions to report of Dan H. Stone, Esq., auditor.

The facts appear in Miller's Estate, supra, and by the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to report of auditor.

*William H. Cox,* with him *William A. McConnell,* for appellant, cited: Dible's Estate, 81* Pa. 279 ; Minter's App., 40 Pa. 111 ; Ashburner's Estate, 159 Pa. 545.

*J. R. Rankin,* with him *E. S. Weyand* and *Cooper & Ritchie,* for appellee.

OPINION BY MORRISON, J., November 21, 1904:

Although there are numerous assignments of error the real question for decision raised by this appeal is under the fourth assignment of error, viz : " Distribution should be per capita

among the legatees." This question arises under the will of Godfrey Miller, the important part of which reads thus : " To my brother Christian Miller's children, William Wilson's children, my sister Mrs. Staub, my sister-in-law Mrs. Andrew Miller's children to be equal beneficiaries in balance of my property or money after the conditions of this have been complied with."

All of the other assignments of error are precisely the same as the assignments in No. 373, April term, 1904, in the same estate in which we this day file an opinion and decree sustaining the assignments and reversing the decree of the court below. Therefore, it is unnecessary to quote the other assignments here. In that opinion we have held that the beneficiaries designated by the testator as " William Wilson's children " are the children of Mary Wilson by Seth Wilson, her husband, and Roxey Robinson, daughter of Seth Wilson by his second wife.

The learned auditor and the court below construed the will of Godfrey Miller to direct a distribution per capita and not per stirpes. In the report of the learned auditor which was confirmed by the decree of the court below we find the following : " Your auditor therefore concludes that the distribution should be per capita," citing among other authorities Dible's Estate, 81* Pa. 279, and Smith's Appeal, 159 Pa. 346. In Dible's Estate the language used by the testator, which was construed to require a per capita distribution was : " That the balance be equally divided amongst my three last-named sons, my two daughters, and grandchildren, within mentioned, share and share alike." In the opinion of the Supreme Court the controlling language was the words " share and share alike," showing that the bequest was not to the persons named in classes, but per capita, each legatee taking an equal share. In Penney's Estate, Smith's Appeal, 159 Pa. 346, the testator directed the residue of his estate to be distributed " share and share alike to the following persons, if they are living at the time of my death, namely : To my sister Martha, one share, to my stepdaughter Olive, one share, and to each of my nephews and nieces then living, one share." Held, that the estate should be distributed to the sister, stepdaughter and nephews and nieces per capita. We think the doctrine of both of these cases can be distinguished from the present case on account of

the peculiar language used by Godfrey Miller in his will, supra. This language we think divides these beneficiaries into classes and none of the cases cited or found by us, convince us that the testator clearly indicated a purpose to have his sister, Mrs. Staub, take no greater interest in his estate than anyone of his nephews or nieces.   On the contrary we think the words " to be equal beneficiaries in balance of my property " can be reasonably construed to refer to the objects of his bounty as classes, and that what he really meant was that his estate should be divided so that each class would be an equal beneficiary.   This construction would give his sister the one fourth of his estate and each of the other classes the same interest.   And this would be strictly in accordance with the law of inheritance.   Each set of children taking the interest that would have gone to their father or mother if Godfrey Miller had died intestate.

In our opinion this will can be reasonably and properly construed under the doctrine of Minter's Appeal, 40 Pa. 111. In that case (p. 115) LOWRIE, C. J., said : "Then how shall we interpret the bequests ?   The testator says, ' share and share alike among the children of my brother Adam, and the children of my brother Martin, and to my sister Barbara ; ' and by thus expressing himself, he seems to make three classes and three equal shares.   In another clause he leaves his thought more doubtful.   What then can we do but resort to the usual distribution of the law for an analogy to help us?   When we find a man distributing his estate in whole or in part, among his next of kin, and he leaves the proportions in which they are to take doubtful, it is quite natural for us to suppose that he had the statutory or customary form of distribution in his mind, and to interpret his will accordingly.   This would classify the legatees as he seems to have done, and as the court below did, and allows the three classes to take as their parents would have done ; thus they themselves take by quasi representation and per stirpes.   If he meant that his nephews should be each equal to his sisters, the word each would have made his meaning clear.   The classification being made in the will is not changed by the death of his sister.   Her children take her place."

" Equally to be divided and share and share alike usually mean a division per capita and not per stirpes.   But when the

devise is not to the several children of brothers and sisters, but to the children of several brothers and sisters, and the classes are distinguished by the word 'and' between each, it amounts to a classification, and the children of each class take their parents' share, notwithstanding the use of the words 'share and share alike:'" Hiestand, Appellant, v. Meyer et al., 150 Pa. 501.

It seems to be quite clear under the authorities that if Godfrey Miller had used the word "and" between each class to which he referred in his will it would have removed all doubt and the distribution would be per stirpes. We have not the original will before us, but as printed in the paper-book, these classes are divided by commas, and it does not seem to be much of a stretch to suppose that if the testator had been a learned man, or his scrivener had been blessed with an ordinary education and reasonable intelligence, these bequests would have been differently expressed. The idea we have is that it will not do to apply close grammatical construction to the language used by an illiterate testator.

In Ashburner's Estate, 159 Pa. 545, we find on page 546 the following from PENROSE, J., which was approved by the Supreme Court: "A bequest to a designated person and the children of another is a gift to ascertained individuals, which, in the absence of evidence of a contrary intent, is said to confer an equal share upon all alike; and the mere fact that the parent of the children is dead, and that he bore the same relation to the testator that the designated donee does, or that had there been no will the parties would have taken per stirpes under the intestate laws, does not change the result. The testator knows, or is supposed to know, exactly or approximately, the number of beneficiaries whose names are not mentioned, and as he classes them with one whom he designates, there is, perhaps, a presumption of equality, though, as said by Lord ELDON in Lincoln v. Pelham, 10 Vesey, 175, in applying the rule the real intention is frequently to the contrary. The rule, however, is one which, even in England, will yield to a very faint glimpse of a different intention, 2 Jarman on Wills, 112; while in Pennsylvania its existence at all has been seriously questioned, Osburn's Appeal, 104 Pa. 637; though Dible's Appeal, 81* Pa. 279, is an illustration of its modified application; and,

after all, as has often been said, rules of construction have very little weight in the case of wills, and precedents ought never to be allowed an unbending control of any case not precisely analogous or even strictly identical. The rule in question has been more frequently disregarded than followed in this state and in other sister states." Osburn's Appeal, 104 Pa. 637, is a case where on the face of it the will seemed to require a per capita distribution, yet the Supreme Court construed it to authorize a distribution per stirpes. It seems to us that the reasoning of Justice MERCUR, who wrote the opinion in that case, applies with considerable force to the present case.

We do not consider the doctrine of Priester's Estate, 23 Pa. Superior Ct. 386, contrary to a per stirpes distribution in the present case. In Priester's Estate, Judge HENDERSON, who wrote the opinion said (p. 390) : " In Minter's Appeal, 40 Pa. 111, relied upon by the appellee, the bequest was that the estate be divided amongst ' the children of my brother Adam Minter, deceased, and the children of my brother Martin Minter, deceased, and to my sister Barbara Savall.' There the bequest was to a group, not by name but by description of the person, a class which might be diminished. The same distinction exists in Hiestand v. Meyer, 150 Pa. 501." The above language applies with peculiar force to the will of Christian Miller. He does not name any of the objects of his bounty except his sister, Mrs. Staub. All of the others are referred to as the children of designated persons, and this certainly classifies them. And each class of children might be diminished. We think there is no escape from the conclusion that the intention of the testator as expressed in his will leaves the question of distribution in doubt, and there being nothing in the will to resolve that doubt, and the beneficiaries not standing in the same degree of relationship with the testator, the law of distribution will come to our aid and authorize a distribution per stirpes. Upon this question the case of Abel v. Abel, 201 Pa. 543, is peculiarly applicable. Mr. Justice POTTER said (p. 545) : " Where the meaning of a devise is uncertain, the law will adhere as closely as possible to the general rules of inheritance, and whosoever claims against the law of descent must show a satisfactory written title : Grim's Appeal, 89 Pa. 333."

The meaning of Godfrey Miller's will is in doubt as to the

question of distribution. The donees are his sister and nephews and nieces, persons standing in different relationship to him. The per stirpies rule will give the appellant the interest in the estate, which would have descended to her if there had been no will. The application of the per capita rule by the learned auditor and the court below gave the testator's sister, appellant, the one twenty-seventh of his estate instead of the one-fourth if the distribution were made per stirpes. But as the matter will stand with the children of William Wilson excluded, to wit: eleven, and the four children of Seth Wilson included, the per capita distribution will give the appellant the one twentieth of the estate instead of the one fourth. This is a very material difference and in our opinion the testator's bounty to his aged sister should not be so reduced and the money given to younger persons, his nephews and nieces, on any doubtful construction of the will. Moreover, it is unreasonable to suppose the testator intended to so dispose of his estate. It is much more in accordance with human experience, not to mention justice and equity, to suppose that the testator intended his sister to have one fourth of his estate, and the children of his deceased brothers and sisters to have the remainder divided among them as it would have gone to their parents if living and he had died intestate.

We do not overlook the fact that recognizing Roxey Robinson as a child of Seth Wilson, entitled to share in the distribution, brings one person in who is not of the blood of the testator. But we do not think this fact sufficient to require the application of the per capita rule.

The assignments of error are all sustained and the decree is reversed, and it is ordered that the estate of Godfrey Miller be distributed to the persons designated in the will per stirpes, and it is further ordered that the appellees pay the costs of this appeal.

RICE, P. J., and PORTER, J., dissent.