# Brundage's Estate.

*Will—Construction—Distribution per capita or per stirpes.*

The words "equally to be divided" "to be equally divided share and share alike," or words of similar import in a will, indicate a testamentary intention to give to the individuals and, therefore, call for a distribution per capita unless other language of the will plainly shows a contrary intention.

A bequest to a number of persons not named, but answering a general description, is a gift to them as a class.

Testator after providing for several legacies gave the remainder of his estate to his son, and directed further that in case of the death of his son before he became of age "then the property to go to my brothers' and sister's children in equal proportions share and share alike." The son died before reaching his majority by reason whereof the contingent bequest took effect. The testator had two brothers and one sister. Each of the brothers had three children and the sister one child. *Held,* that the brothers' and sister's children took per capita and not per stirpes.

Argued March 6, 1908. Appeal, No. 62, March T., 1908, by Pearl Brundage, from degree of O. C. Lackawanna Co., Old Series, No. 1,558, making distribution in Estate of C. W. Brundage, deceased. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Exceptions to adjudication.

On the exceptions to the adjudication SANDO, P. J., entered a decree distributing the fund for distribution per stirpes and not per capita.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*A. D. Dean* and *A. A. Vosburg*, with them *A. R. Brundage,* for appellant.—It is a well-established principle of law that, every will shall be construed to effectuate the intent of the testator. Artificial rules must yield to the intention of the testator, expressed or implied: Harris's Estate, 74 Pa. 452; Thran v. Herzog, 12 Pa. Superior Ct. 551; Reck's Appeal, 78 Pa. 432; Hauer's Est., 16 Pa. Superior Ct. 257.

It is a general canon of construction that the words "to be equally divided" or "share and share alike" mean a per capita distribution, and only yields when it is apparent that there was a different intention: Priester's Est., 23 Pa. Superior Ct. 386; Dible's Est., 81* Pa. 279; Hicks's Est., 134 Pa. 507; Peale's Est., 33 Legal Int. 374; Sutton's Est., 47 Pitts. L. J. 241; Stout's Est., 16 Montg. County Law Repr. 193; McNeilledge v. Galbraith, 8 S. & R. 43; Hiestand v. Meyer, 150 Pa. 501; Gest v. Way, 2 Wharton, 445; Bender's App., 3 Grant, 210; Kean v. Hoffecker, 2 Harring. 103; Brown v. Ramsey, 7 Gill, 347.

Where the intention of the testator is in doubt the statute of distribution is a safe guide: Miller's Est., 26 Pa. Superior Ct. 453; Sipe's Est., 30 Pa. Superior Ct. 145; Minter's App., 40 Pa. 111; Ashburner's Est., 159 Pa. 545; Fissel's App., 27 Pa. 55; Hiestand v. Meyer, 150 Pa. 501, DeHaven's Est., 1 Clark, 336; Miller's Appeal, 40 Pa. 387; Krout's Appeal, 60 Pa. 380; Clement's Est., 160 Pa. 391; Cremer's Est., 156 Pa. 40; McConnell's Est., 5 Pa. Superior Ct. 120; Smith's Est., 10 Pa. Dist. Rep. 92.

A bequest to a number of persons not named but answering to a general description is a gift to them as a class: Gross's Est., 10 Pa. 360; Denlinger's Est., 170 Pa. 104; Todd's Est., 33 Pa. Superior Ct. 117; 2 Jarman on Wills, p. 756; Lugar v. Harman, 1 Cox, 250; Lincoln v. Pelham, 10 Ves. 166.

*Thos. F. Wells*, for appellee.—That a will is to be construed so as to carry out the intention of the testator, and that mere technical rules of construction must give way to the plainly expressed intention of the testator, is conceded: Schott's Est., 78 Pa. 40; Bellas's Est., 176 Pa. 122; Denlinger's Est., 170 Pa. 104; Evans v. Knorr, 4 Rawle, 66.

The words "equally between them" are "no less appropriate to a division among classes than to division among individuals:" Ashburner's Est., 159 Pa. 545.

The words "share and share alike" would be appropriate if the testatrix had in mind a division among classes" and those words are not "conclusive of the question whether distribution was intended to be per stirpes or per capita:" Sipe's Est., 30 Pa. Superior Ct. 145.

The expression "share and share alike" is applicable as well to individuals as classes: Alston's Appeal, 11 Atl. Repr. 366.

The per stirpes construction of this clause is correct when the language designating the objects of his bounty is considered: Fissel's App., 27 Pa. 55; Minter's App., 40 Pa. 111; Osburn's App., 104 Pa. 637.

Where there is a will and the testator's intention is in doubt the statute of distributions is a safe guide: Sipe's Est., 30 Pa. Superior Ct. 145; Grim's Appeal, 89 Pa. 333; Miller's Est. (No. 2), 26 Pa. Superior Ct. 453; Dunlap's Appeal, 116 Pa. 500.

OPINION BY HENDERSON, J., April, 20 1908:

After providing for several legacies the testator gave the remainder of his estate to his son, Homer, and directed further that in case of the death of his son before he became of age "then the property to go to my brothers' and sister's children in equal proportions share and share alike." The son died before reaching his majority by reason whereof the contingent bequest took effect. The testator had two brothers and one sister. Each of the brothers had three children and the sister one child. We are asked to determine whether the distribution among these children should be per capita or per stirpes. The words "equally to be divided," "to be equally divided share and share alike," or words of similar import in a will, indicate a testamentary intention to give to the individuals and, therefore, call for a distribution per capita unless other language of the will plainly shows a contrary intention: Bender's Appeal, 3 Grant, 210; Dible's Estate, 81* Pa. 279; Hiestand v. Meyer, 150 Pa. 501; Priester's Estate, 23 Pa. Superior Ct. 386. In the clause now under consideration the direction is not only that the persons entitled shall take share and share alike, but that they shall take in equal proportions, the testator evidently intending to leave no doubt as to the manner of distribution which he desired. The bequest here is to persons bearing the same relationship to the testator. They are not designated by name nor described by the names of their parents, but by words equally definite are grouped as a class in a single phrase. No more appropriate words could have

been employed to express the exact intention. If the bequest had been to the testator's nephews and nieces the question might have arisen whether he intended to include in that description grandnephews and grandnieces or whether there was anything in the will to indicate that nephews and nieces by marriage were intended to be beneficiaries, but by adopting the language used there could be no doubt as to the identity of the persons. "A bequest to a number of persons not named, but answering a general description, is a gift to them as a class:" Denlinger's Estate, 170 Pa. 104. The theory of the creation of three classes of legatees does not find support in the terms of the will. If classes are created there are but two of these—brothers' children and sister's children, and the estate should be divided into two equal parts, one going to each of the two classes. But the words must be wrested from their ordinary meaning to reach such a conclusion and that, too, in the face of clear words of equality. There is nothing in the will to indicate a desire on the part of the testator to give the child of his sister one-half of his estate, but there is enough to show that he wished the whole to go in equal shares to the class of persons who were children of his brothers and his sister. The bequest is plainer than was that in Dible's Estate, supra. Significance is attributed by the appellee to the difference in the form of expression used in that clause of the will making special bequests to the children of the testator's brothers and the clause which we are called upon to interpret, but a legal distinction is not apparent between the words "in equal proportions share and share alike" and "to be divided equally between said children share and share alike." We think it evident that the testator's intention was to make equal distribution of his residuary estate among all the children of his brothers and sister. If there were doubt upon that subject the rule to follow the statute of distribution would apply as in Minter's Appeal, 40 Pa. 111; Ashburner's Estate, 159 Pa. 545; Sipe's Estate, 30 Pa. Superior Ct. 145.

The decree is reversed and the record remitted to the court below to make distribution in accordance with this opinion.