Davis' Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen and Sinkler, JJ.

*H. Crowell Pepper*, of *Ladner & Ladner*, and *David G. Hunter*, for exceptants. *William Carson Bodine* and *Thomas Stokes*, contra.

SINKLER, J., April 13, 1934.—Crumrine, P. J. (O. C. of Washington County, Pa.), in McElree's Estate, 12 D. & C. 677, comments upon the "common remark that the decisions on the question as to when beneficiaries under a will are to take *per capita* and when *per stirpes* are in hopeless confusion." He says that, while this applies to the law of this State, the confusion is more apparent than real and results from the slight difference in the facts of the particular cases.

In the present case, the auditing judge has made a careful analysis of the clause in the will to be construed and of the applicable cases. He construes the direction to pay over and divide the corpus in equal shares to and among the designated beneficiaries to intend distribution per capita, not per stirpes. Analogy to the provisions of the intestate laws, relied upon in some of the cases upon this subject, does not arise in the present case, because those who would take under the intestate laws are not included among those designated by the will and would take to their exclusion.

The concluding words in the clause of the will under consideration direct that the surviving issue of any deceased child of the two individuals named shall take their deceased ancestor's share by representation. This indicates an intention that the living children shall take per capita, not per stirpes, as is argued in behalf of exceptants.

The interpretation by the auditing judge of the word "divide", as indicating distribution per capita, is sustained by Gest et al. v. Way et al., 2 Wharton 445, Bender's Appeal, 3 Grant 210, and Priester's Estate, 23 Pa. Superior Ct. 386.

His interpretation of the word "among", as indicating distribution among more than two, is sustained by Hogan's Estate, 12 Dist. 47, in which Penrose, J., gave this meaning to the word. See also Ghriskey's Estate, 248 Pa. 90, Ihrie's Estate, 162 Pa. 369, and Green's Estate, 140 Pa. 253, in which cases the word "between" was employed, and the conclusion was that this word indicated a division into two parts. By comparison, it was said that where more than two were intended the word "among" was the proper word.

The auditing judge has correctly determined the distribution to be made under the clause of the will in question.

The exceptions are dismissed, and the adjudication is confirmed absolutely.

GEST, J., dissenting.—I regret that I feel obliged to dissent from the opinion of the majority of the court. The question is admitted by the auditing judge to be difficult of solution, and it would be a tedious task to discuss all the numerous decisions on the subject, and perhaps impossible to harmonize them. But in my opinion the case is practically ruled by Baizley's Estate, 7 D. & C. 1, where this court unanimously decreed a stirpital distribution.

In the present case, the language is "to pay over and divide the corpus or principal thereof in equal shares to and among the children of my daughter,

Eleanor D. Wallace, then living, and the children of my brother, David Benson, then living, and the then surviving issue of a child of either of them then deceased, such issue taking their deceased ancestors' share by representation." Eleanor had two children, and David had eight.

In Baizley's Estate, 7 D. & C. 1, the language is to pay the income "in equal shares unto the lawful child or children of her, the said Helen, and the lawful child or children of Rudolph, surviving, and the lawful issue of such of their lawful child or children as may be then deceased."

Rudolph was a son of the testatrix, and he had one child; Helen was a daughter-in-law, and had four children; and this court decreed a stirpital division.

The only difference in the two wills is that in the present case the words "to and among" are used, while in Baizley's Estate the word "among" is not used. Now it must be conceded that the authorities hold with practical unanimity, where the beneficiaries are specifically distinguished by reference to their parents, that the distribution should be per stirpes, and while grammatically "between" is properly used in reference to two persons or classes and "among" is properly used where more than two persons or classes are intended, yet it seems to me that the distinction based thereon by the majority of the court is very narrow. Nor is it appropriate, for it is very clear that the preposition "to", as used here, is applicable to both classes of beneficiaries, and the word "among", joined thereto by the word "and", is equally applicable to both classes, and therefore the distribution is "to" each class, and "among" the members thereof. In my opinion, these words apply to both classes, and the testatrix intended to direct a distribution of one half of the estate "to and among" the children of Eleanor, and of one half of the estate "to and among" the children of David.

I would therefore sustain the exceptions, and I dissent from the opinion of the majority of the court.