## Craighead Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Harold J. Conner*, for exceptants.

*Langdon W. Harris, Jr.*, contra.

LEFEVER, J., March 10, 1955.—We all agree with Judge Saylor (the auditing judge) that the will directs distribution of the fund before the court, *per capita* among testator's grandchildren, great-grandchildren and great-great-grandchildren; and not *per stirpes* among testator's grandchildren.

There is a sharp split of authority where the words "issue" or "descendants" are used, unconfined by any indication of intention, whether the children take concurrently and per capita with their parents or whether they take per stirpes. The history and growth of the law on this controversial subject and the difference of opinion with regard thereto is exhaustively set forth in Mayhew's Estate, 307 Pa. 84 (1932). In that case

the law in Pennsylvania was succinctly enunciated, as follows (page 91):

"We therefore agree with the growing majority of states which hold that where the word 'descendants' or 'issue' is unexplained in the context of the instrument, children do not take concurrently or per capita with their parents, but take per stirpes."

In the instant case, the fifth paragraph of the will (which is before the court for interpretation) concludes:

"Immediately upon the death of my said daughter, Bertha, I direct my trustees to pay over the balance of principal of said trust fund, together with any accrued and undistributed income thereon, to such of my children as may then be living and. the issue of such as may be dead, equally share and share alike."

At the time of Bertha's death, there were no living children of decedent, but there were living grandchildren, and issue of living grandchildren, viz., great-grandchildren and great-great-grandchildren.

The language of the controversial paragraph sharply contrasts with the language appearing in the fourth paragraph of the will, which concludes:

"In the event there shall be no issue then living of Horace M. Craighead, Jr., I direct my trustees to convey and divide the said trust principal among my then living children and the issue of any deceased child, such issue to take the share their parent would have taken if living."

A comparison of the language of these two paragraphs provides the explanation which takes the instant case out of the rule of Mayhew's Estate, supra. As ably stated by the learned auditing judge:

"Like all rules of construction this presumption [that testator intended a per stirpital distribution] must give way to the intention of testator when expressed. Such expression of intention is found in de-

cedent's will, when comparison is made between its fourth paragraph, which created a trust for decedent's son, and its fifth paragraph, which created the trust now before the court. . . .

"The use of the phrase, 'equally share and share alike', in lieu of the phrase, 'such issue to take the share their parent would have taken if living', shows that decedent intended that in the case of the trust for his daughter on distribution there should be an equal division of the estate per capita between the children and the issue of deceased children. Decedent's will was obviously drawn with professional advice. The court must give his words their normal meaning."

The facts in the instant case are analogous to the facts in Davis' Estate, 319 Pa. 215 (1935). There the court held that the gift was per capita and not per stirpes. The language of Mr. Justice Drew, appearing on page 219, is particularly apposite to the instant case, viz.:

"It is further to be noted that testatrix knew how to direct a per stirpes distribution when she so intended. After naming the children of her daughter and those of her brother as beneficiaries, she included 'the then surviving issue of a child of either of them then deceased, such issue taking their deceased ancestor's share by representation.' On the other hand, no words of stirpital distribution were used in the gifts to her daughter's and brother's children. Clearly, therefore, testatrix did not intend such a distribution as to those children. Another circumstance pointing toward an intent that the beneficiaries take per capita is the use of the words 'divide . . . in equal shares.' It is true, as was said in Ashburner's Est., 159 Pa. 545, at page 547, that such words are no less appropriate to a division among classes than to a division among individuals. But, in the absence of other language disclosing an intention to distribute stirpitally,

the words 'equally to be divided', 'divided into equal parts', and the like, ordinarily favor distribution per capita rather than per stirpes: See Bender's App., 3 Grant 210; Hiestand v. Meyer, 150 Pa. 501; Garnier v. Garnier, supra; Brundage's Est., 36 Pa. Superior Ct. 211."

The learned auditing judge correctly awarded the fund per capita. Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.