# Bender's Appeal.

1. The words " equally to be divided," when used in a will, mean a division *per capita*, and not *per stirpes*, whether the devisees be children and grandchildren, brothers or sisters, nephews and nieces, or strangers in blood to the testator.

2. Where a will is silent in the *manner* in which the legatees are to take, if the next of kin of the person described be not related to the testator in equal degree, those most remote can only claim *per stirpes*.

3. The intention of the testator as to the distribution of his estate, if lawful, must control every other consideration and bear down every other rule of construction.

APPEAL from the decree of the Orphans' Court of *Philadelphia*.

The testatrix by her last will made a bequest in the following words:—

"Item. I give and bequeath to each of the brothers of my cousin, Rachel Lewis, deceased, of the name of Thomas, one hundred dollars apiece."

In a subsequent clause of her will she made the following provision as a substitute for the foregoing:—

"And the remaining equal fourth part of my said residuary estate I give, devise and bequeath to the brothers of my late cousin, Rachel Lewis, of the name of Thomas, and to Dr. Benjamin Howell, of New Jersey, husband of my cousin Rachel (late Lewis), share and share alike, that they take and divide this fourth remaining part of my residuary estate, making null and void the one hundred dollars bequeathed to each of the Thomas's brothers of my cousin Rachel Lewis, deceased, in pages three and four of these sheets, which I now revoke, substituting in lieu thereof the fourth part of my residuary estate to the said

Thomas's, <sub>their heirs,</sub> and their nephew, Dr. Benjamin Howell, who is

to receive an equal share with them."

Two clauses follow this, or rather paragraphs, and then the clause of attestation, date, and signature. The date is the 2d October, 1852.

Beneath the signature and on the same page the testatrix wrote a short codicil, which is dated the 8th August, 1853, which she attested by her signature.

Underneath the codicil, and near the foot of the page, are the following words : " Their heirs—if any of them are deceased," which are connected by a mark of reference with the words " said Thomas's" in the body of the will, but not signed by the testatrix.

It appeared that at the time of the making of her will there were only two persons alive answering to the description, "brothers of my cousin Rachel Lewis, deceased, of the name of Thomas," viz., Jonathan Thomas and Joseph Thomas—two of the appellees.

The appellants then gave evidence to show that Rachel Lewis, the cousin of the testatrix, formerly had another brother, viz., Robert Thomas, who died in 1821, leaving six children, namely, 1, Ann Thomas, intermarried with Horatio N. Sever ; 2, Hannah Thomas, intermarried with Chalkley Tyson ; 3, Edward H. Thomas ; 4, Ruth Ann Thomas, intermarried with Jacob Bender ; 5, Elizabeth Thomas, intermarried with Summers Smith, but she died March 25, 1852, leaving one daughter, Sarah Smith ; 6, Robert Thomas.

These persons appeared by counsel before the auditor, and claimed, as heirs of Robert Thomas, each an equal share with Jonathan Thomas and Joseph Thomas (the surviving brothers of Rachel Lewis) and Dr. Benjamin Howell.

It also appeared before the auditor that Rachel Lewis formerly had another brother, named Richard Thomas, who also died many years ago, without issue, but leaving as his heirs several brothers and sisters, namely, Elizabeth, intermarried with Jesse Harker ; Mary, intermarried with Joshua Stokes ; Rachel Lewis, Jonathan Thomas, and Joseph Thomas. The appellants, or their father, were also heirs of Richard Thomas.

The appellants objected to the evidence in relation to Richard Thomas and his heirs as not pertinent and proper to be received, and the appellees objected to the evidence in relation to Robert Thomas and his heirs for the same reasons, but it was received by the auditor, subject to all objections.

The next of kin to the testatrix are first cousins, among whom are Jonathan and Joseph Thomas, two of the appellees. The appellants are one degree more remote, and could not inherit from the testatrix had she died intestate. Act of April 8, 1833, § 8.

Dr. Benjamin Howell, the other appellee, is the nephew of Jonathan and Joseph Thomas by intermarriage with their niece, Rachel Lewis, the daughter of Rachel Lewis, the cousin of the testatrix. He was married in 1835, about fourteen years

after the death of Robert Thomas. Rachel Lewis, the cousin of the testatrix, lived with Dr. Howell from the time of his marriage with her daughter until her decease.

Jonathan and Joseph Thomas were born in 1776; Rachel Lewis in 1782; Ann Mifflin, the testatrix, in 1778; she was about forty-three years of age at the death of Robert Thomas.

(These facts raise the questions to be decided.)

*Fish* and *Armstrong*, for appellants.

*Joel Jones*, for appellees, cited act of 8th April, 1833, § 6; *Hays* v. *Harden*, 6 Barr, 413, 414.

The opinion of the court was delivered November 7, 1856, by

LEWIS, C. J.—The words "*equally to be divided*," when used in a will, mean a division *per capita* and not *per stirpes*, whether the devisees be children and grandchildren, brothers or sisters and nephews and nieces, or strangers in blood to the testator. But where the will is silent in respect to the manner in which the legatees are to take, if the next of kin of the person described be not related to the testator in equal degree, those most remote can only claim *per stirpes*. Roper on Leg. 161. Upon questions of this kind the expression of each will must be attended to, for the distribution must go as directed by the testator. Roper Leg. 156. The intention, if lawful, must control every other consideration, and bear down every other rule of construction. The nature of distributions may furnish the means by which we are to ascertain who are to take, under the general description of "heirs," "next of kin," or "relations," yet the wills under which they claim will be the guides *as to the proportions* into which the fund is to be divided. *McNeilledge* v. *Galbraith*, 8 S. & R. 43.

In the case before us, the one-fourth of the residue is given to the brothers of "my late cousin Rachel Lewis, of the name of Thomas, and to Doctor Benjamin Howell, *share and share alike* —that they *take and divide* this fourth remaining part of my residuary estate." Here is a very clear indication of the proportion in which the legatees are to take. No agreement can make it plainer. The subsequent revocation of a prior provision for the brothers of Rachel, in connection with the language of the provision, confirms this intent. The declaration that the legacy in question is in substitution of the one revoked, is in perfect harmony with it. The addition, after naming "the said Thomas" a second time, of the words, "their heirs, if any of them are deceased," was manifestly not intended to change the proportions previously so plainly designated. The object was

[Beatty's Appeal.]

merely to substitute the heirs of the deceased brother in the place of their ancestor, if the brother was prevented from taking by reason of his death. This intention is very apparent from the face of the will.

The exception to the auditor's report in the court below raised no question in regard to the heirs of Rachel Thomas, and we do not understand that any such question is raised here.

The court erred in excluding the heirs of Rachel Thomas from participating in the distribution. They are entitled in equal proportion to one-fourth of the sum of $14,580 92, being the share which Robert Thomas himself would have been entitled to, if he had been alive at the death of the testator.

This cause came on for hearing and was argued by counsel. On consideration whereof it is ordered and adjudged that so much of the decree of the Orphans' Court of Philadelphia as excludes the heirs of Robert Thomas from a share in the distribution of the fund, be reversed. And it is further ordered and adjudged that the sum of $14,580 92, being the one-fourth of the residuary estate of the testator, be distributed as follows:—

To Joseph Thomas . . . . . $3,645 23.
" Jonathan Thomas . . . . . 3,645 23.
" Dr. Benjamin Howell . . . . 3,645 23.
" Ann W. Sever, wife of Horatio N. Sever 607 53.
" Hannah Tyson, wife of Chalkley Tyson . 607 53.
" Rev. Edward H. Thomas . . . . 607 53.
" Ruth Ann Bender, wife of J. B. Bender . 607 53.
" Sarah Smith, by guardian . . . 607 53.
" Robert E. Thomas . . . . . 607 53.

It is further ordered and decreed that the costs be paid by Joseph Thomas, Jonathan Thomas, and Dr. Benjamin Howell