## Harris's Estate.   Smith and Vance's Appeal.

1. When a testator gives to his next of kin in classes, leaving the proportions doubtful, the several classes will take according to the Statute of Distributions.

2. Artificial rules must yield to the intention of the testator, expressed or implied.

3. A bequest was " unto my brother, William Harris and my sister Anna Vance's heirs the balance of my goods and chattels and credits and lands equally except Rev. John A. Vance, he must have all he owes me at this time over and above the said heirs of William and Anna's heirs." At the date of the will William was dead leaving three children, and Anna dead leaving six. *Held*, that the " balance" was to be divided amongst the nine children.

4. Baskin's Appeal, 3 Barr 304 ; Risk's Appeal, 2 P. F. Smith 269 ; Witmer *v.* Ebersole, 5 Barr 458, remarked on.

November 19th 1873.   Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Appeal from the Orphans' Court of *Lawrence county :* No. 154, to October and November Term 1873.

This was a proceeding in the Orphans' Court for the partition of the real estate of which Samuel Harris died seised, commenced January 9th 1872, by the petition of William J. Smith, guardian of Nancy J. Smith and others, minor children of Eliza A. Smith (formerly Vance), deceased.   The question in the case was the construction of the residuary clause of the will of Samuel Harris, deceased, viz. :—

" I give and bequeath unto my brother, William Harris, and sister, Anna Vance's heirs, the balance of my goods and chattels and credits and lands, equally, except Rev. John A. Vance, he must have all that he owes me at this time over and above the said heirs of William Harris and Anna Vance's heirs."

At the making of the will William Harris and Anna Vance were both dead; William Harris left three children, Cynthia Murphy, Sarah B. Hope and Charlotte Hood; Anna Vance left six children, Rev. John A. Vance, William Vance, Nancy Vance, Lydia McClimond, Eliza A. Smith and Jane Gardner.   Mrs. Smith afterwards died, leaving four minor children, of whom William J. Smith, the petitioner, is guardian.   Jane Gardner also afterwards died leaving five children.

The petition prayed for partition of the real estate into equal purparts amongst all the nephews and nieces of the testator.   The daughters of William Harris answered the petition, averring that they were together entitled to one-half the real estate, and the children (and their descendants) of Anna Vance were together entitled only to one-half.

The Orphans' Court decreed that the real estate should be partitioned, " giving to the heirs of William Harris, deceased, the one

[Harris's Estate.]

equal half thereof, and to the heirs of Anna Vance, deceased, the one equal half thereof according to the will of Samuel Harris, deceased."

Smith, the guardian, and the other heirs of Anna Vance appealed to the Supreme Court, and assigned the decree of the Orphans' Court for error.

*J. McMichael* (with whom were *D. B. & E. F. Kurtz*), for appellants.—Under the intestate laws the nephews and nieces of the testator would take *per capita:* Miller's Appeal, 4 Wright 387; Krout's Appeal, 10 P. F. Smith 380; and assuming that the construction here is doubtful the presumption is that the testator intended to leave the land to be distributed according to the intestate laws: Witmer *v.* Ebersole, 5 Barr 458; Bender's Appeal, 3 Grant 210.

*Dana & Long*, for appellees.—The Statutes of Distribution fix who are intended by "heirs" of the brother and sister, but nothing more: McNeilledge *v.* Galbraith, 8 S. & R. 45. The "heirs" were to take in classes: Miller's Appeal, 11 Casey 323; Minter's Appeal, 4 Wright 111; Gring's Appeal, 7 Casey 292; Risk's Appeal, 2 P. F. Smith 269.

The opinion of the court was delivered, January 5th 1874, by

SHARSWOOD, J.—The cases cited in the opinion of the learned court below undoubtedly sustain the position that as a principle of construction where a testator gives to his next of kin in classes, leaving it doubtful in what proportions they are to take, he will be presumed to have had the familiar rule of the Statute of Distributions in his mind, and the several classes will take not *per capita* but *per stirpes.* But all artificial rules of this kind must yield to the intention of the testator, whether expressed or implied. A comparison of Baskin's Appeal, 3 Barr 304; Witmer *v.* Ebersole, 5 Id. 458; and Risk's Appeal, 2 P. F. Smith 269, will evince this very clearly. Now whatever might have been the case had this residuary bequest been "unto my brother William Harris and sister Anna Vance's heirs, the balance of my goods and chattels and credits and lands equally," we think the exception which follows indicates unmistakably that the testator had not in his mind two classes of legatees. "Except Rev. John A. Vance, he must have all that he owes me at this time over and above the said heirs of William Harris and Anna Vance's heirs." Now the Rev. John A. Vance, being one of the children of Anna Vance, stood in that class, and had the testator regarded these next of kin in two classes, it is most reasonable to presume that the preference given to him would have been over the other heirs of that class, and not as it is over both classes. The exception seems to give a construction to the word "equally" immediately preceding, "equally,

[Harris's Estate.]

except Rev. John A. Vance," so as to preclude the interpretation which may be considered as sanctioned by Risk's Appeal,—that equally was to be applied only to the members of each class.

Decree reversed at the costs of the appellee, and record remitted to the Orphans' Court of Lawrence county, that a decree may be there entered conformably to this opinion.