His Honor, EMILE GODCHAUX,
rendered the opinion and-decree of the 'Court, as follows:
Plaintiff demands judgment against Mrs. Daisy Bueii, wife of ¥m. P. Buell, for the unpaid rent of property in this city, which plaintiff alleges was leased to her, though the rent notes were signed by her and her husband. Plaintiff appeals from a judgment dismissing the suit upon an exception of no cause of action interposed-by tile wife, Mrs. Daisy Buell, alone.
Before determining the merits of the exception it is necessary first to consider appellant’s contention that the wife who alone entered an appearance, was without power or authority to file and stand in judgment upon her exception, since sh.e was not authorized by her husband nor by the Court.
The petition recites that Mr. & Mrs. Buell are both domiciled in this city, and the citation which was addressed to the wife and .to the husband to assist and authorize her, was served upon the wife in person at their place of domicile. This was effective as a citation of husband as well as of wife. O. P., 182, 192.
Phipps vs. Snodgrass, 31 A., 88.
Jordan vs. Anderson, 29 A., 750.
Gaines vs. Morris, 6 R., 4.
Holt vs. Board, 33 A., 673.
And since the wife and her husband to authorize her were both duly cited, the husband’s authorization for the wife to stand in judgment on her exception will be presumed, even though she alone has entered an appearance in this proceeding. C. P., 118.
Zuberbier & Behan vs. Behan, 34 A., 1048,
Francis vs. Martin, 28 A., 403.
*123 Passing now to the merits of the exception, it appears that plaintiff’s attempt to charge the wife with liability for the rent is predicated upon the amendment of E. C. C., 2334, prescribed, by Act 170 of 1912, which provides:
“That the earnings of the wife, living apart from her hnsband, although not separated by judgment of Court, her earnings when carrying on a business, trade, occupation or industry, separate from her husband * * * and the property purchased with all funds thus derived, are her separate property.”
In so far as pertinent to this issue, the facts stated in. the petition are that the lease was entered into by the wife with' her husband’s .authorization, the rent notes being executed by him as well as by her; that they both took possession of the leased premises on October 1st, 1914, but that “said ¥m. B. Buell temporarily left the city shortly thereafter, and is now, or a few days .ago, was in or near Oil City, La., where petitioners are informed he is engaged in business,” the wife .and her family still'remaining in possession of the premises, where for herself “she keeps and carries on a boarding house and lodging house; that she has sole charge, control and management of the same; that her husband * * * carries on and conducts business out of New Orleans, as petitioners are informed and believe, and is absent from said city by far the greater part of his time; that said Mrs. Daisy Buell, is carrying on said trade, occupation or business separate from her husband.”
Conceding that these facts disclose that the wife is carrying on for her own account “a trade, occupation or industry, separate from her husband, we are satisfied, that the allegation that the husband is presently in Oil ’City, La., where he conducts a business which necessitate» *124 his absence from his home and domicile in New Orleans ‘ ‘ by far the greater part of his time, ’ ’ is- wholly insufficient to charge that the wife is “living apart from -her husband, ’ ’ in the sense of the Statute.
Opinion and decree, June 17, 1916.
For the phrase “living apart from her husband, although not separated by judgment of Court,” imports something more than the mere temporary absence from home, whether frequent or occasional, of the husband, caused by the demands of his business, but on the contrary suggests a situation where there is a material disturbance of the conjugal relation and apparently a permanent disunion or severance in fact if not in law — a .situation where, the. wife, being obliged whether from choice or necessity, to- shift for herself, the law intends to confer upon her the requisite capacity and free her from all disability.
The judgment maintaining the plea of no cause of acton is correct and it is accordingly affirmed.
Judgment affirmed.