# Garnier *v.* Garnier, Appellant.

*Will—Residue—"Divided into equal parts"—"Between"—Codicil—Revocation—Intestacy.*

1. Where a testatrix dying unmarried, and leaving her brother as her only next of kin, gives by her will the residue of her estate "divided into equal parts" to her brother's grandson and to the children of a friend, and by a codicil revokes the gift to the grandson, and it appears that the children of the friend were three in number, the estate will go, one-fourth to the brother under the intestate laws and three-fourths to the children of the friend share and share alike, and not one-half to the brother as in cases where the word "between" is the controlling word.

2. That part of a residue of an estate of which the disposition fails, will not accrue in augmentation of the remaining parts of the residue, but, instead of resuming the nature of residue, devolves as undisposed of under the intestate laws, and this applies whether failure arises because the gift is void, or lapsed, or revoked.

3. A bequest to a designated person and the children of another, is a gift to ascertained individuals, which, in the absence of evidence of a contrary intent, confers an equal share upon all alike.

Argued April 22, 1919. Appeal, No. 153, Jan. T., 1919, by defendant, from judgment of C. P. Northampton Co., April T., 1918, No. 53, for plaintiff on case stated in suit

of Lafayette S. Garnier *v.* Tunis S. Garnier. Before
BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and
SIMPSON, JJ. Affirmed.

Case stated to determine the marketable title to real
estate. Before STEWART, P. J.

The court entered judgment for plaintiff for $2,000.
Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*Burton Macfee,* with him *A. C. LaBarre,* for appellant.
—A codicil republishes the will, except in so far as it
may revoke it, and makes the will speak as of the date of
the codicil: Lewis v. Lewis, 2 W. & S. 455; DeHaven's
Estate, 207 Pa. 147; Line's Est., 221 Pa. 374.

The presumption is that a testator intended to dispose
of his entire estate and not to die intestate either as to
the whole or as to any part thereof: Hofius v. Hofius, 92
Pa. 305; Raudenbach's App., 87 Pa. 51; Little's App.,
81 Pa. 190.

No presumption of an intent to die intestate as to
any part of the estate is to be made, where the words of
the testator will carry the whole: Stehman v. Stehman,
1 Watts 466; Raudenbach's App., 87 Pa. 51.

Where there is a devise or bequest to a plurality of per-
sons as joint tenants no lapse can occur unless all the
objects die in testator's lifetime. And the same conse-
quence would ensue if the gift failed for any other cause:
May's App., 41 Pa. 512; Willard's Est., 68 Pa. 327.

*W. S. Kirkpatrick,* of *Kirkpatrick & Maxwell,* with
him *Daniel E. Steckel,* for appellee.—Where part of a
residuary legacy is revoked without a substitutionary
gift, the amount passes to the next of kin, and not to the
other residuary legatees: Gray's Est., 147 Pa. 67; Pot-
ter's Est., 257 Pa. 468.

The brother took a one-fourth share only: Smith v. Times Pub. Co., 178 Pa. 481; Osburn's App., 104 Pa. 637; Ashburner's Est., 159 Pa. 545; Sipe's Est., 30 Pa. Superior Ct. 145; Ghriskey's Est., 248 Pa. 90; Miller's Est., 26 Pa. Superior Ct. 453; Denlinger's Est., 170 Pa. 104; Fissel's App., 27 Pa. 55.

OPINION BY MR. CHIEF JUSTICE BROWN, June 21, 1919:

Madeline A. Garnier died testate on or about August 30, 1917. The ninth clause of her will, dated June 14, 1915, is: "I will, bequeath and devise, divided into equal parts, all my right, title and interest in all the rest, residue and remainder of my estate whatsoever kind, whensoever and howsoever acquired, wheresoever situated, whether reduced to money or not, whether divided or not divided from that of my brother, to and unto my father's great-grandson, Lafayette Adrian Garnier, if living at the time of my death, and to and unto the children of Janetta Laing Macafee, to him and to them and to his and their heirs and assigns forever." To the will there was a codicil, dated April 10, 1917, the material part of it being: "I, Madeline A. Garnier, of the District of Columbia, testator in a two-page will dated June Fourteenth, Nineteen Fifteen, witnessed by Edwin Guthrie, Richard C. Balinger and William H. Proctor, have concluded to modify and revoke certain bequests therein, I accordingly, hereby, cancel and revoke paragraph third thereof, which bequeaths certain books, pictures and paintings to my brother Lafayette and that part of paragraph nine which makes his grandson one of my legatees and devisees." The testatrix died unmarried and without issue, leaving as her only next of kin a brother, Lafayette S. Garnier, the appellee, who is the grandfather of Lafayette Adrian Garnier, referred to in the will as the great-grandson of the father of the testatrix. Upon the assumption that, by the revocation of the bequest and devise to Lafayette A. Garnier, without a substitutionary legatee or devisee, the interest which would have gone to

him in the real estate of the testatrix had passed under the intestate laws to the appellee, as testatrix's only heir, he entered into a written agreement to convey the appellant the undivided interest in certain of her real estate, situate in the City of Easton, and which would have passed to Lafayette A. Garnier if the devise to him in the residuary clause of her will had not been revoked. Whether the appellee acquired that interest was submitted to the court in a case stated, and from its judgment, in favor of the plaintiff, we have this appeal by the defendant.

The question before the court below was not an open one. There is nothing in the will of the testatrix, or in the codicil, indicating in the remotest manner her intention that any part of what she had given to Lafayette A. Garnier should pass to the children of Mrs. Macafee, if he should not take. The provision for him was unqualifiedly revoked, and what the testatrix had originally intended for him was undisposed of by her at the time of her death. It could, therefore, go only to her next of kin. Waln's Est., 156 Pa. 194, is conclusive of this. Waln, the testator, in a will dated April 7, 1882, disposed of his residuary estate as follows: "The rest, residue and remainder of my estate, real and personal, I devise and bequeath to my sisters Mary, Sallie, Ellen and Annie, and my brother Edward, in equal shares." Ellen died in 1887, unmarried and without issue; Edward died in October of the same year, leaving several children surviving. In 1890 the testator made the following codicil to his will: "I revoke my bequest to my brother Edward, as he is not living." The testator died in the following year. The fund before the court below for distribution was that part of testator's residuary estate which would have passed under the residuary clause to Edward, had he lived. The auditing judge awarded it to the surviving sisters. Edward's children claimed the one-fourth of it, on the ground that their uncle had died intestate as to it, and on their exception to the adjudication their claim was sustained. This we affirmed, following the rule as

laid down by Sir Thomas PLUMER, M. R., in Skrymsher v. Northcote, 1 Swanst. 560, that that "part of the residue of which the disposition fails will not accrue in augmentation of the remaining parts of a residue, but instead of resuming the nature of residue, devolves as undisposed of"; and of this rule Mr. Justice MITCHELL said, it applies, "whether the failure arises because the gift is void, or lapsed, or revoked."

In entering judgment for the plaintiff the learned court did so on the theory that he had acquired only an undivided fourth interest in the residuary estate of his sister. He has not appealed from this, but now contends before us that his interest is an undivided half, and that we ought to so hold by entering judgment on the case stated in double the amount for which it was entered below. If we possess the power to do so, we shall not exercise it, for we agree with the court below that the appellant acquired only a one-fourth interest in the residuary estate of the testatrix. She bequeathed and devised, "divided into equal parts," her entire residuary estate, real and personal, to Lafayette Adrian Garnier, if living at the time of her death, and to the children of Janetta Laing Macafee. The three children of Mrs. Macafee, who survived the testatrix, are Frieda Macafee, Gladys Macafee and Colin Macafee. What share would each of them have taken in the residuary estate if the provision for Lafayette A. Garnier had not been revoked? Clearly, one-fourth, and in demonstration of this nothing can be profitably added to the following from the opinion of the learned president judge of the court below entering judgment for the plaintiff for the purchase-price of a one-fourth interest: "The plaintiff contends that he is entitled to one-half of the residue. The defendant's position is that, at most, he could only claim one-fourth. In Jarman on Wills, Vol. 2, page 756, it was said: 'Where a gift is to the children of several persons, whether it be the children of A and B, or to the children of A and the children of B, they take per capita, not per stirpes. The same rule

applies, where a devise or bequest is (made to a person and the children of another person; or) to a person described as standing in a certain relation to the testator and the children of another person standing in the same relation, as to "my son A and the children of my son B"; in which case A takes only a share equal to that of one of the children of B, though it may be conjectured that the testator had a distribution according to the statute in his view. (So if the gift be to A and B and their children, or to a class and their children, every individual coming within the terms of the description, as well children as parents, will take an equal proportion of the fund; that is, the distribution will be made per capita.) But this mode of construction will yield to a very faint glimpse of a different intention in the context.' In Bender's App., 3 Grant 210, it was said: 'The words "equally to be divided," when used in a will, mean a division per capita and not per stirpes, whether the devisees be children and grandchildren, brothers or sisters, and nephews and nieces, or strangers in blood to the testator.' In Ashburner's Est., 159 Pa. 545, Judge PENROSE said: 'A bequest to a designated person and the children of another is a gift to ascertained individuals, which, in the absence of evidence of a contrary intent, is said to confer an equal share upon all alike; and the mere fact that the parent of the children is dead and that he bore the same relation to the testator that the designated donee does, or that had there been no will the parties would have taken per stirpes under the intestate laws, does not change the result. The testator knows, or is supposed to know, exactly or approximately, the number of beneficiaries whose names are not mentioned, and as he classes them with one whom he designates, there is, perhaps, a presumption of equality, though, as said by Lord ELDON, in Lincoln v. Pelham, 10 Vesey 175, in applying the rule the real intention is frequently to the contrary.' When we look at this will, we must bear in mind that Lafayette Adrian Garnier was really referred to as if he were a stranger to the testatrix.

In the third clause of her will she said: 'I have but one heir, my only brother, Lafayette, of Easton Pennsylvania.' Adrian as a matter of fact, was only her grand-nephew. As admitted in the case stated, the children of Janetta Laing Macafee are not related in any way to the testatrix. In our judgment, when the testatrix said: 'I will, bequeath and devise, divided into equal parts,' there is no room for any doubt as to what she meant. She knew that Adrian was alive, and she knew that the children of Janetta Laing Macafee were alive, and she wanted them to have each an equal part. It must be borne in mind that in this will there are no such words as are found in some wills, for example, the word 'between,' which is the controlling word in Hick's Est., 134 Pa. 507; Ihrie's Est., 162 Pa. 369; Ghriskey's Est., 248 Pa. 90, and other cases; and although the words 'heirs and assigns' are found in this will, yet they only indicate the kind of estate that is given to the children."

Judgment affirmed.