## Davis's Estate.

216

Argued April 29, 1935.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Grover C. Ladner,* with him *H. Crowell Pepper,* of *Lad-
ner & Ladner,* for appellant.

*Thomas Stokes,* with him *William Carson Bodine,* for
appellees.

Opinion by Mr. Justice Drew, May 27, 1935:

Testatrix, who died on September 18, 1932, was survived by her adopted daughter, her second husband, and her brother. By the eleventh clause of her last will and testament she bequeathed her residuary personal estate to her executors, in trust to pay the income to her brother for life, and at his death "to pay over and divide the corpus or principal thereof in equal shares to and among the children of my daughter, Eleanor D. Wallace, then living, and the children of my brother, David Benson, then living, and the then surviving issue of a child of either of them then deceased, such issue taking their deceased ancestor's share by representation." Testatrix's husband elected to take against the will, and payment to him of half the estate was accordingly ordered, under the intestate laws. The life tenant having died on November 28, 1933, after the audit but before the adjudication of the executors' account, a distribution of the residuary estate was sought by the remaindermen, of whom eight are the children of testatrix's brother and two are the children of her daughter. A decree directing distribution among the remaindermen per capita was entered by the auditing judge, whose action was confirmed absolutely by the court in banc. This appeal is by the two children of testatrix's daughter. The claim is that distribution should be per stirpes, one-half to be divided among the children of testatrix's brother and the other half among the children of her daughter.

A careful consideration of the language of the will has left us without doubt that the decree of per capita distribution was proper. As we said in Garnier v. Garnier, 265 Pa. 175, at page 179, quoting from Jarman on Wills, "Where a gift is to the children of several persons, whether it be the children of A and B, or to the children of A and the children of B, they take per capita, not per stirpes." True, it was said further that "this mode of construction will yield to a very faint glimpse of a different intention in the context." But no such different in-

tention appears here. On the contrary, the fact that testatrix passed over her daughter, whose children were to take at the death of the life tenant whether the mother was then alive or not, indicates that testatrix thought of the children as individuals and not as representatives of their parents, and that the reference to the parents was simply for the purpose of designation: see Scott's Est., 163 Pa. 165. In Risk's App., 52 Pa. 269, it is stated, at page 271, that, except where a contrary intention clearly appears, "When a testator designates the objects of his bequest or devise by their relationship to a living ancestor, such legatees or devisees take equal shares per capita. In great strictness of speech, the living of the ancestor, who is referred to only to designate the objects of the testator's bounty, excludes the per stirpes rule, which belongs properly to the statutes of distribution, and is a substitutionary rule, by which the children or next of kin of a deceased person who would have been an heir are placed in his stead."

Furthermore, testatrix directed distribution of the corpus "among" the children of her daughter and those of her brother. The use of the word "among" naturally suggests that testatrix had in mind a division among a number greater than two, and that she was thinking of a distribution to several individuals rather than to two classes, for which the appropriate word would have been "between": see Green's Est., 140 Pa. 253, 255; Ihrie's Est., 162 Pa. 369, 372; Ghriskey's Est., 248 Pa. 90, 93. It is argued by appellants that the presence of "to" before "among" qualifies the latter's meaning and that the whole phrase "to and among" indicates a distribution "to" each class and "among" the members thereof. However, testatrix's direction is "to pay over and divide" the corpus "to and among" the remaindermen. Clearly, the use of the verb "pay over" is responsible for the presence of "to," the direction being to *pay over to* and *divide among* the beneficiaries. Since payment must be to individuals and not to classes, it is plain that testatrix did

not contemplate a distribution to each class and among the members thereof, as appellants claim.

It is further to be noted that testatrix knew how to direct a per stirpes distribution when she so intended. After naming the children of her daughter and those of her brother as beneficiaries, she included "the then surviving issue of a child of either of them then deceased, such issue taking their deceased ancestor's share by representation." On the other hand, no words of stirpital distribution were used in the gifts to her daughter's and brother's children. Clearly, therefore, testatrix did not intend such a distribution as to those children. Another circumstance pointing toward an intent that the beneficiaries take per capita is the use of the words "divide . . . in equal shares." It is true, as was said in Ashburner's Est., 159 Pa. 545, at page 547, that such words are no less appropriate to a division among classes than to a division among individuals. But, in the absence of other language disclosing an intention to distribute stirpitally, the words "equally to be divided," "divided into equal parts," and the like, ordinarily favor distribution per capita rather than per stirpes: see Bender's App., 3 Grant 210; Hiestand v. Meyer, 150 Pa. 501; Garnier v. Garnier, supra; Brundage's Est., 36 Pa. Superior Ct. 211.

Appellants urge upon us the analogy of the intestate laws. Where a testator directs a distribution to his heirs or next of kin, leaving doubtful the proportions in which they are to take, the scheme of distribution of the intestate laws will ordinarily be applied: Baskin's App., 3 Pa. 304; Minter's App., 40 Pa. 111; Hoch's Est., 154 Pa. 417; Ashburner's Est., supra; see Fissel's App., 27 Pa. 55; Harris's Est., 74 Pa. 452. In the present case, however, testatrix's next of kin was her daughter, who survived her, and not the beneficiaries named in the will. The rule therefore has no application here. In any event, we are convinced, from a reading of the whole will, that it discloses an intent to benefit the children of her daugh-

220

ter and those of her brother as individuals, not as classes, and that a per capita distribution was therefore properly decreed.

Decree affirmed, costs to be paid out of the estate.