## Weir's Estate

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Edward J. Griffiths*, for exceptants.

*Herbert L. Maris*, contra.

VAN DUSEN, P. J., January 5, 1940.—Testatrix disposed of the residue of her estate as follows:

"The rest to be divided equally to children of Wm. T. and Matilda Weir. David G. Sloan and Harriet A. Sloan. Wm. McCreary and Sarah E. McCreary."

The auditing judge held that this indicated a per capita distribution, and we agree with him. In Davis' Estate, 319 Pa. 215, and in Garnier v. Garnier, 265 Pa. 175, the general rule is quoted from Jarman on Wills (5th ed.) 756, and approved:

"Where a gift is to the children of several persons, whether it be the children of A and B, or to the children of A and the children of B, they take *per capita*, not *per stirpes*." (Italics supplied.) There is nothing in this will to indicate any other intention.

On the contrary, there is something to confirm the usual rule. Of the parents mentioned, Wm. T. Weir, brother of testatrix, was the only one living at the date of the will. The omission of this living next of kin and the gift to his children instead, ". . . indicates that testatrix thought of the children as individuals and not as representatives of their parents, and that the reference to the parents was simply for the purpose of designation: Scott's Est., 163 Pa. 165"; Davis' Estate, supra, p. 218. See also Risk's Appeal, 52 Pa. 269.

We think also that the analogy to the intestate laws is of importance: Harris' Estate, 74 Pa. 452; Scott's Estate, supra; Brundage's Estate, 36 Pa. Superior Ct. 211; Roney's Estate, 19 Dist. R. 565. The beneficiaries are all nephews and nieces; and under section 19 of the Intestate Act of June 7, 1917, P. L. 429, collateral next of kin, all of whom are related in the same degree to decedent, take per capita. It is true that they were not the actual next of kin, for a brother was living. But the analogy is helpful in cases in which the beneficiaries could be the next of kin. In Davis' Estate, already referred to, the beneficiaries were the children of a daughter and the children of a brother. These two groups could never be next of kin, and so the analogy did not apply to them.

The exceptions are dismissed and the adjudication is confirmed absolutely.