No. 36,138

In the Matter of the Estate of Frances R. Bunnell, Deceased.
(Z. Durward Kingsley et al., *Appellants*, v. Monita Lucille
Daniel et al., *Appellees*.)

(149 P. 2d 337)

Opinion filed June 10, 1944.

*Harry O. Janicke,* of Winfield, argued the cause for the appellants.

*George Barrett,* of Pratt, argued the cause, and *George T. McNeish,* of Winfield, was on the briefs for the appellees.

The opinion of the court was delivered by

Hoch, J.: We are asked to construe a will. A testatrix devised certain real estate to her grandchildren—children of her three daughters. The question is whether the division is to be made per stirpes or per capita. Reversing the probate court the district court directed a division of interest to the grandchildren in equal shares. From that order two of the three daughters and their children bring this appeal.

Frances R. Bunnell, a resident of Cowley county, executed her

last will and testament on May 28, 1924. She died in 1931 and the will was admitted to probate. At the time the will was made the testatrix had three married daughters—her only children—and twelve grandchildren. All were living at the time of her death and all were living when this action was tried. No grandchildren were born subsequent to the making of the will. The three daughters are Emma Covert, Hattie Kingsley, and Eva Daniel. Emma has one child, Hattie has five children, and Eva has six children. The youngest of the grandchildren became twenty-one years old in February, 1943.

The testatrix provided that all her property, real and personal, should be held in trust by G. G. Gary for purposes indicated. Gary duly qualified, and has since acted as executor and trustee. She made a number of specific cash bequests which were carried out and about which there is no contention. Among these was a bequest of $1,000 to each of her grandchildren upon reaching the age of twenty-one, except as to one named grandchild, for whose benefit a special trust fund of $2,000 was created. The trustee was directed to sell certain real estate located in Winfield, Kan., and to hold and treat the proceeds the same as provided for other personal property.

The residuary personal property was to be divided among the three daughters of the testatrix, share and share alike, with provision that if any of the three daughters passed away before she did the child or children of such predeceased daughter should take the mother's share. Household goods were to be equally divided among the three daughters and any articles they did not desire to retain were to be sold and the proceeds divided equally among them.

Included in the trust was certain real estate in Butler county. That is the only property directly involved in this litigation. The trustee was directed to hold and manage such property, pay taxes, collect rents, royalties, and other income and distribute the net income in the same manner as stated, *supra,* for the residuary personal property. The trust was to continue "as long as oil or gas is being produced from said land or any part of the same, except as stated in the *next paragraph.*" (Italics supplied.)

The instant controversy relates to the "next paragraph" (*supra*) and particularly to the portion which we have indicated by italics, and is as follows:

"Whenever oil or gas ceases to be produced from said land in paying quantities, then the said trustee shall sell said land for the reasonable value thereof, and at the best price obtainable cash in hand, and divide the net

proceeds of the same in accordance with and in the same proportion and for the same beneficiaries as named above as being entitled to receive from said trustee the net incomes from the rents, incomes, profits and royalties from said land: *Provided, however,* That upon the attaining to the age of twenty-one years of the youngest of the grandchildren mentioned in this will, then my *said trustee in case said trust has not been fully executed, shall execute and deliver to the then surviving children of my said daughters a good and sufficient deed to the said land and said trust shall thereupon terminate."* (Italics supplied.)

It will be noted that the real estate trust was to terminate upon the happening of either one of two events—first, whenever production of oil or gas in paying quantities should cease; and second, when the youngest grandchild should reach the age of twenty-one. Inasmuch as the land was still producing oil and gas when the youngest grandchild reached the age of twenty-one—and apparently was still so producing when this action was brought—the first contingency became impotent. In case the trust were to terminate by failure of the land to produce oil and gas the land was to be sold and the proceeds distributed in the same manner as the net income and the residuary personal property had been divided. If the trust terminated upon the happening of the second contingency—the one here involved—the land was to be deeded "to the then surviving children of my said daughters." .

As heretofore noted, the probate court held that paragraph 11, *supra,* provided for distribution per stirpes, of title interest in the land. That construction would give to the daughter of Emma a one-third interest; to the five sons and daughters of Hattie together a one-third interest, and to the six sons and daughters of Eva a one-third interest. Upon appeal the district court held that distribution should be per capita, which would give each of the twelve grandchildren a one-twelfth interest. In this connection it may be noted that in the lower courts Hattie and her five children asked that distribution be made per stirpes, although such distribution would give them only four-twelfths as against five-twelfths under a per capita distribution. They take the same position here, having joined with Emma and her one daughter in this appeal.

On its face and considered by itself alone the controversial portion of paragraph 11 presents no ambiguity. The devise was to "the then survivng children of my said daughters." The expression "surviving children of my said daughters" clearly and definitely designates a class. Where a devise is made to members of a class the presumption is that division is to be made equally among members

of the class. (69 C. J. 280, 289; 28 R. C. L. 267, 268; Thompson on Wills, 2d ed. 400.) This general rule is applied, ordinarily, where the bequest or devise is to grandchildren, regardless of the fact that some families will thus take more than others. (16 A. L. R. 51.) In *McIntire v. McIntire*, 192 U. S. 116, 121, 48 L. Ed. 369, 371, a case often cited, it was stated that the general rule of construction is that "in the case of a gift to the children of several persons described as standing in a certain relation to the testator, the objects of the gift take per capita and not per stirpes."

Appellants' principal contention is that generally throughout the will the testatrix provided for distribution per stirpes, and that the provision here at issue should be construed to make like division, under the well-established rule that in construing a will the instrument is to be considered as a whole in order to determine the intent of the testator.

The cases are legion which deal with construction of portions of a will by reference to other provisions of the instrument. Within this broad class are those which consider the effect to be given to provisions elsewhere in a will for division per stirpes. (See 126 A. L. R. 166, supplementing 16 A. L. R. 30; 31 A. L. R. 802, and 78 A. L. R. 1393.) There is conflict in the decisions, though the apparent lack of harmony arises in considerable part, at least, from variance in the words and phrases under scrutiny in the different cases. The question in our present case would be more difficult if it could with more reason be said that the provision being considered is ambiguous—as it was in many cases which are cited upon the proposition. It is sufficient here to examine other provisions of the instant will to determine whether they are such as to overcome the very strong presumption presented by paragraph 11 in favor of a per capita division of title interest, and to compel the conclusion that the testatrix intended such division to be made per stirpes.

The other provisions of the will which provide for per stirpes division are: (*a*) division of the residuary personal property among the three daughters of the testatrix or to the children of any deceased daughter; (*b*) similar division of the proceeds of the sale of the Cowley county land; (*c*) similar division of income from the Butler county land and of proceeds from sale of the land if the trust should terminate before all of the grandchildren reached the age of twenty-one. Over against these provisions for division per stirpes should be noted, however, that the testatrix made to each grandchild

the same specific bequest of one thousand dollars—except as to one grandchild, as heretofore noted. Appellants also put some stress upon the fact that in paragraph 11 the testatrix used the words "surviving children of my said daughters" instead of using the words "surviving grandchildren." They contend that this shows an intention to divide by families, but cite no case supporting that contention and we have found none. If the provisions were otherwise ambiguous the contention might have some persuasion.

Appellants' position really comes down to a contention that it would be an inconsistent and illogical thing for the testatrix to distribute her estate partly per stirpes and partly per capita, and that where most provisions of the will call for division per stirpes the instrument should be harmonized by so construing the provision at issue. We cannot reach that conclusion. In the first place, the testatrix was under no compulsion to pattern her will upon anyone's idea of what would be consistent or logical. In the next place, the provision in question is the only one in which the beneficiaries are to get title to real estate and they are to get such title only when the youngest has reached the age of twenty-one before the trust has otherwise terminated. Even under the test of logic or consistency can it be said that no intelligent purpose is indicated by providing for a different disposition of property if the trust continues until all grandchildren are twenty-one years old? We think not.

We find nothing in the other provisions of the will, above recited, which impels a conclusion that the testatrix did not intend to divide the interest equally among her grandchildren in case they took title to the land under the will. On the contrary, it could be argued with some force that the fact that she understood—as shown elsewhere in the will—just how to provide for distribution equally among the families of her three daughters and did not do so in the case at issue indicates in itself that she intended distribution to be per capita. That reasoning was adopted in *Davis's Estate*, 319 Pa. 215, 179 A. 73 (1935), where it was said: "It is further to be noted that testatrix knew how to direct a per stirpes distribution when she so intended. . . . On the other hand, no words of stirpital distribution were used in the gifts to her daughter's and brother's children. Clearly, therefore, testatrix did not intend such a distribution to those children." (p. 219.)

We think the trial court correctly construed the will and the judgment is affirmed.