Marshall Estate.

Argued January 8, 1954. Before Stern, C. J., Stearne, Jones, Bell, Chidsey, Musmanno and Arnold, JJ.

*William E. Parke,* for appellants.

*George C. Klauder,* with him *Thomas R. Butler,* for appellee.

Opinion by Mr. Justice Bell, March 24, 1954:

The question involved is a narrow one: Did testator's stirpital distribution begin with his children or with his grandchildren?

William P. Marshall, a former bank president, died October 7, 1901, leaving a last Will dated July 23, 1896. He was 70 years old when he made his Will. The Will contained the following provision: "It is my will that no distribution be made of my estate . . . both real and personal for and during the full term of her natural life; on the decease of my said wife, I give devise and bequeath to such of my children as are unmarried at the time of her decease, all my real estate situate in the County of Chester, consisting at present of my

Messuage and Tract of land in the township of West Goshen, containing about One hundred and forty three acres; My office Building No. 123 North High street West Chester; and my undivided one half interest in sixteen Frame Tenement houses on Poplar and Worthington streets West Chester. Also all my stock in the National Bank of Chester County, to Hold and possess the same so long as they or the survivors or survivor of them shall remain unmarried: On the decease or marriage of the last survivor of them, it is my will that the said real estate and Bank stock be enjoyed by such of my married children as may then be living during their lives or the life of the survivor of them; And on the decease of the last survivor of my children, I direct that the whole of said real estate and Bank stock be sold, and the net proceeds divided among the descendents (sic) of my married children, *per stirpes:*"

We said in *Lyle Estate*, 374 Pa. 344, 347, 97 A. 2d 830, at page 347: " 'In the interpretation of a will the intention of the testator is the pole star and that intention must be ascertained from a consideration of the *entire will* and all the surrounding and attendant circumstances: Newlin Estate, 367 Pa. 527, 80 A. 2d 819': Anderson Estate, 373 Pa. 293, 296, 95 A. 2d 674."

At the time testator made his Will he had a wife and seven living children. His three daughters were married; one of them, Sarah, had one child, a son, William M. Darlington, who is still living; another daughter, Margaret, had five children who were then living. At the death of the testator's last surviving child, two of Margaret's five children had died without issue, while three survived—Margaret B. Groff, Frances L. Groff, and James A. Groff, who has subsequently died, and whose interest is represented herein by the administratrix of his estate.

Testator in the residuary clause of his Will, as well as throughout his entire Will, treated all of his children equally. We find it unnecessary, therefore, to quote other provisions of Marshall's Will, but will confine our discussion to the provision of the Will hereinabove quoted.

Appellant contends that under the aforesaid paragraph each of the grandchildren take per capita, namely, one-fourth of the proceeds of the real estate and of the bank stock; and that their descendants, if any were dead, would take per stirpes. Appellee contends that the grandchildren take per stirpes and that the Court correctly distributed one-half of the proceeds to William M. Darlington and one-sixth to each of the three children of testator's child, Margaret Groff.

We are convinced from the language and scheme of his will, without resort to any authorities, that the testator intended (after the death of the last survivor of his children) that the proceeds of the sale of the real estate and of the bank stock should be divided per stirpes, not per capita, among the grandchildren presently interested.

At the time testator made his Will, as well as at the date of his death, he had as above noted six grandchildren living; one was a son of his daughter, Sarah, and five were the children of his daughter, Margaret. He treated his children equally or on a per capita basis throughout his Will, but not so his descendants. When he came to make a provision for the descendants of his children he could have provided a per capita distribution for his grandchildren, if he so desired, by merely dividing the net proceeds "among the descendants of my married children." 2 Jarman on Wills, 756; *Lenhart's Estate,* 344 Pa. 358, 361, 25 A. 2d 725; *Garnier v. Garnier,* 265 Pa. 175, 108 A. 595; *Davis's Estate,* 319 Pa. 215, 179 A. 73. He well knew that

Sarah had one and Margaret five children. Instead of making a bequest for each grandchild to share equally or per capita, the testator provided that the net proceeds should be divided "among the descendants of my married children, *per stirpes.*" In other words, testator added a comma, and the words "per stirpes" and underlined "per stirpes" in red ink, thus demonstrating that he desired and intended his grandchildren and other descendants of his married children to take per stirpes.

This construction is supported and buttressed by the authorities.

In *Corr's Estate,* 338 Pa. 337, a similar question was presented and decided adversely to the contention of this appellant. There the testator provided for a gift over in the following words: " '. . . to pay over the said trust fund of Four Hundred Thousand Dollars ($400,000) to and amongst the children or descendants, then living, of her sisters, the said fund to be divided amongst such children or descendants per stirpe, upon the principle of representation.' " The Court held that per stirpe applied to both children and descendants, and that the then living children of her sisters took per stirpes and not per capita. The Court said (page 341) : "The expression 'per stirpes' may be used in two different senses; it may refer, first, to a 'taking by right of representation,' and second, to a taking 'collectively by families and not equally as individuals': Hogg's Est., 329 Pa. 163, 167. It is clear that the testator used it in the second sense in the gift to the children of the deceased daughter's sisters, for otherwise there is no provision for the manner of distribution among them. . . ."

Decree affirmed ; appellant to pay the costs.